# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
————————————

SHIRLEY A. ADAMSON, as personal representative
of the estate of Chad Adamson, deceased,

     Plaintiff,

v.                                                                                          No. 8-CV-420 WJ/KBM

D.P. LYONS, individually and in his official capacity
as jail administrator for the Eddy County Detention
Center, BOARD OF COMMISSIONERS OF THE
COUNTY OF EDDY

     Defendants.

## MEMORANDUM  OPINION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment
(Doc. 66).  Plaintiff Shirley Adamson's son, Chad Adamson, died from AIDS a month after his
release from the Eddy County Detention Center where he had been incarcerated for six months.
Plaintiff subsequently filed this lawsuit, asserting that the Defendants failed to provide adequate
medical care to her son.  Defendants filed this Motion for Summary Judgment in February 2010.
Plaintiff's counsel subsequently withdrew from this case (Doc. 70) and this Court gave Plaintiff
sixty days to either find new counsel or inform the Court that she intended to proceed pro se
(Doc. 71).  More than sixty days have now passed and Plaintiff has failed to notify the Court of
whether she intends to proceed pro se or obtain a new attorney.  Accordingly, this Court is ruling
on Defendants' Motion for Summary Judgment without the benefit of a response from Plaintiff.
Because Defendants have shown that they are entitled to judgment as a matter of law, the Court

GRANTS Defendants' Motion for Summary Judgment.

## BACKGROUND[1]

Chad Adamson was booked into the Eddy County Detention Center in September 2006. When he entered the Detention Center, Adamson indicated that he had HIV/AIDS, but stated that he was not currently taking any medication for his disease and had no medical problems. Adamson did not seek any care or treatment for his HIV/AIDS during his six-month incarceration.  On two separate occasions, two different nurses talked with Adamson about getting testing or treatment for his condition.  Both times, Adamson expressly refused any such care or treatment.  In addition, Adamson refused to take the medication prescribed for him by the Detention Center medical staff for conditions other than HIV/AIDS.  All of the nurses who attempted to offer care or treatment to Adamson for his HIV/AIDS testified that Adamson was competent and voluntarily refused care and treatment.

Defendant D.P. Lyons acted as warden of the Eddy County Detention Center during the period of Adamson's incarceration.  Lyons was informed about Adamson's medical condition only when the medical staff decided to seek an early release for Adamson.  The nursing staff told Lyons that Adamson was in the late stages of AIDS and that he had refused all medical treatment.  Lyons approved the staff's request to release Adamson early and Adamson was released in February 2007.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no

---

[1] Because Plaintiff did not file a Response, this Court takes these facts from the Defendants' Motion for Summary Judgment.

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(c); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. *Id.* at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. *Id.* at 252.

When a party fails to respond to a motion for summary judgment, the court must accept all properly supported facts alleged by the moving party. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 (10th Cir. 2002); *Niemyjski v. City of Albuquerque*, 379 F. Supp. 2d 1221, 1228 (D.N.M. 2005). The court then determines whether the moving party is entitled to summary judgment as a matter of law on those facts. Summary judgment is not proper merely because Plaintiff failed to file a response in time. The moving party must first meet its initial responsibility of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S 317 (1986)  Rule 56(e) of the Federal Rules of Civil Procedure specifically contemplates the consequences of failing to oppose a summary judgment motion:

> When a motion for summary judgment is made and *supported* as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if *appropriate,* shall be entered against the adverse party.

(emphasis added).  Accordingly, summary judgment is appropriate under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c).  If the evidence produced in support of the summary judgment motion does not meet this burden, "summary judgment must be denied *even if no opposing evidentiary matter is presented.*"  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970) (emphasis added).

**DISCUSSION**

While it is not entirely clear from Plaintiff's Complaint, it appears that Plaintiff is suing the Defendants under § 1983, alleging a violation of the Eighth Amendment, as well as under the New Mexico Tort Claims Act, alleging a violation of state tort law.  The Court will address each claim in turn.

**I.     Eighth Amendment**

In order to prevail on her Eighth Amendment claim, Plaintiff must show that the Defendants were deliberately indifferent to Adamson's serious medical needs.  *See, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009); *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).  Deliberate indifference encompasses both an objective and a subjective component.  Plaintiff must show that Adamson's condition was an objectively serious one.  Plaintiff must also show that Defendants actually knew of the risk of harm to Adamson and refused to take reasonable steps to prevent it.  *See Martinez*, 563 F.3d at 1089.

Here, Plaintiff's Eighth Amendment claim fails because she cannot show that the Defendants were deliberately indifferent toward Adamson's condition.  Adamson never requested treatment for his disease.  At least two members of the nursing staff at the Detention

4

Center encouraged Adamson to obtain testing and treatment for his AIDS, but Adamson

expressly refused all testing and treatment both times.  Courts have repeatedly held that prison

staff are not deliberately indifferent to an inmate's medical condition when the inmate himself

refuses treatment.  *See Pinkston v. Madry*, 440 F.3d 879, 892 (7th Cir. 2006) (no Eighth

Amendment violation when inmate repeatedly refused medical assistance); *Walker v. Peters*, 233

F.3d 494, 500-501 (7th Cir. 2000) (no Eighth Amendment violation when inmate refused to take

an HIV test which prison officials required before allowing him to obtain HIV treatment).

Several members of the medical staff testified that Adamson was competent to make his own

medical decisions and freely refused treatment.  The Defendants cannot be held liable for failing

to force unwanted treatment on an inmate.  Accordingly, Defendants are entitled to summary

judgment on Plaintiff's Eighth Amendment claim.[2]

## II.     New Mexico Tort Claims Act

Plaintiff also alleges that Defendants' negligently failed to care for or treat Adamson.

Plaintiff's negligence claim is governed by the New Mexico Tort Claims Act.  N.M. STAT. ANN.

§ 41-4-4 (1978).  The New Mexico Tort Claims Act makes all New Mexico state officials

immune from tort actions except in certain specified cases where the state has specifically

waived its immunity.  *See Ward v. Presbyterian Healthcare Services*, 72 F.Supp.2d 1285, 1292

(D.N.M. 1999).  While not specified in Plaintiff's complaint, Defendants assume (as does this

---

[2] Because Plaintiff cannot make out an Eighth Amendment claim on these facts, all
Defendants are entitled to summary judgment on this claim.  This Court need not address
Defendants' alternative argument that Defendant Warden Lyons was not personally involved in
any Eighth Amendment violation.  In addition, this Court need not address Defendants'
argument that the County of Eddy cannot be held liable under § 1983 because no official policy
or custom caused the Eighth Amendment violation.  The Court's holding that no Eighth
Amendment violation occurred disposes of these claims in their entirety.

Court) that Plaintiff is asserting a waiver of immunity under either § 41-4 9 (alleged negligent operation of a medical facility) or under § 41-4-10 (alleged negligent provision of health care services).  Even if Plaintiff is able to show that one of these waivers applies, Plaintiff must still show that the Defendants breached the applicable standard of care in their medical treatment of Adamson.  *See, e.g., Schear v. Board of County Commissioners*, 687 P.2d 728 (N.M. 1984) (noting that a plaintiff asserting negligence under the Tort Claims Act must adduce factual support for her allegations and prove all the elements of a negligence claim, including duty, breach and proximate cause).  Here, Plaintiff's negligence claim fails because Plaintiff cannot show that Defendants breached any duty of care in their medical treatment of Adamson.  As Defendants point out: "[T]he Detention center nurses monitored Mr. Adamson, placed him on a meal watch when indicated, offered him testing, care and treatment for his HIV/AIDS, and eventually worked with other Detention Center staff towards obtaining an early release from custody for Mr. Adamson.  Mr. Adamson, however, expressly refused the care and treatment options offered to him; a decision well within his rights."  Motion, at 17-18.  A medical provider is not negligent when he declines to force treatment on a competent patient who has expressly refused such treatment.  Because Plaintiff cannot show that the Defendants acted negligently in their medical care of Adamson, this Court must grant summary judgment to Defendants on Plaintiff's negligence claim.

## CONCLUSION

Because Plaintiff has produced no evidence suggesting that Defendants are liable under either the Eighth Amendment or the New Mexico Tort Claims Act, Defendants are entitled to summary judgment on all Plaintiff's claims.  Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment in its entirety.

_____
UNITED STATES DISTRICT JUDGE